JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Matthew Burns | Lumber Liquidators, Inc., Liquidators Leasing, LLC, Lumber Liquidators Holdings, Inc., Lumber Liquidators Services, LLC |

**(b)** County of Residence of First Listed Plaintiff   **Delaware County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **James City County, VA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA  19106   (215) 592-1500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity Jurisdiction per 28 U.S.C. 1332(a) and (d)

Brief description of cause:
State Law claims regarding defective flooring

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ IN excess of $5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/10/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Matthew Burns | : | CIVIL ACTION |
| v. | : | |
| Lumber Liquidators, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )


| | | |
|---|---|---|
| _03/10/2015_ | Charles E. Schaffer | Plaintiff, Matthew Burns |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 592-1500 | (215) 592-4663 | cschaffer@lfsblaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
#### (See §1.02 (e) Management Track Definitions of the
#### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___2509 Wynnefield Drive, Havertown, PA 19083___

Address of Defendant: ___3000 John Deere Road, Toano, VA 23168___

Place of Accident, Incident or Transaction: ___Havertown, PA___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☒    No ☐
*RELATED CASE, IF ANY:*
Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐    No ☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Charles E. Schaffer___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: ___03/10/2015___    _____    ___76259___
                    Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___03/10/2015___    _____    ___76259___
                    Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _____ 2509 Wynnefield Drive, Havertown, PA 19083 _____

Address of Defendant: _____ 3000 John Deere Road, Toano, VA 23168 _____

Place of Accident, Incident or Transaction: _____ Havertown, PA _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☒   No☐
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____ Charles E. Schaffer _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: _____ 03/10/2015 _____   _____   _____ 76259 _____
                                 Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 03/10/2015 _____   _____   _____ 76259 _____
                                 Attorney-at-Law                  Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW BURNS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. _____ |
| v. | |
| LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Limited Liability Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Corporation, | CLASS ACTION COMPLAINT |
| | JURY TRIAL DEMANDED |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiff Matthew Burns ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class", as more fully defined below), alleges against Defendant Lumber Liquidators Inc., Defendant Lumber Liquidators Leasing, LLC, Defendant Lumber Liquidators Holding, Inc., and Defendant Lumber Liquidators Services, LLC (collectively "Lumber Liquidators", the "Company", or "Defendants") the following facts and claims upon knowledge as to the matters relating to himself and upon information and belief as to all other matters and, by way of the Class Action Complaint, avers as follows:

## INTRODUCTION

1.      This is a proposed class action brought by Plaintiff on behalf of himself and the below-defined Class against Lumber Liquidators to obtain damages and injunctive relief arising from and relating to his purchase and installation of Lumber Liquidators' Chinese wood flooring material ("Chinese Flooring").

2.      This class action arises out of Lumber Liquidators' scheme to import into the United States, and to falsely warrant, advertise, and sell Chinese Flooring that fails to comply with relevant and applicable formaldehyde standards as well as its breaches of express and implied warranties with respect to these products.

3.      In particular, in contrast to its direct representations to the contrary, Lumber Liquidators manufactures, sells, and distributes Chinese Flooring which emits and off-gasses excessive levels of formaldehyde, which is categorized as a known human carcinogen by the United States National Toxicology Program and the International Agency for Research on Cancer.

4.      Further, contrary to Lumber Liquidators' repeated, detailed representations that its flooring complies with strict formaldehyde standards on its product labels, website, and elsewhere, the formaldehyde emissions form the Company's Chinese Flooring is multiple times the maximum permissible limits set by those standards at the time of purchase.

5.      Lumber Liquidators' illegal behavior with respect to its manufacturing, marketing, and sale of Chinese Flooring has caused Plaintiff and the other Class members to suffer direct financial harm. Plaintiff's purchases, by failing to comply with the plain warranties of the Chinese Flooring, is markedly less valuable because of its elevated level of formaldehyde.

Plaintiff would have paid significantly less, if he purchased Chinese Flooring at all, had he known that the products contained elevated levels of the toxin formaldehyde.

6.      Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

## PARTIES

7.      Plaintiff, Matthew Burns, is a natural person and citizen of Pennsylvania. Plaintiff owns a home in Havertown, Pennsylvania in which Lumber Liquidators' Chinese Flooring is installed. Plaintiff purchased Chinese Flooring from Lumber Liquidators and installed it in his home. Plaintiff relied on the representations of Lumber Liquidators, Lumber Liquidators' representatives, and the express warranties on the Chinese Flooring in selecting Lumber Liquidators' Chinese Flooring over all other brands of flooring.

8.      Defendant, Lumber Liquidators, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168. Lumber Liquidators, Inc. is licensed and doing business in the Commonwealth of Pennsylvania.

9.      Defendant, Lumber Liquidators Leasing, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

10.     Defendant, Lumber Liquidators Holding, Inc., is a Delaware corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

11.     Defendant, Lumber Liquidators Services, LLC, is a Delaware Limited Liability Corporation with its principal place of business at 3000 John Deere Road, Toano, Virginia 23168.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are domiciled and incorporated in another state), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Plaintiff's class.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this Judicial District and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this Judicial District. In addition, Lumber Liquidators does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

14.     Lumber Liquidators have manufactured, labeled and sold, during the Class Period, the Chinese Flooring as being compliant with "CARB regulations in the State of California." CARB is an acronym for the California Air Resources Board, an entity which has promulgated safety standards for the emission of formaldehyde for products sold in California.

15.     Lumber Liquidators' Chinese Flooring is not what it purports to be. The Chinese Flooring contains a dangerous level of formaldehyde gas which exceeds the "CARB regulations in the State of California" and the standards promulgated in the Toxic Substances Contract Act, 15 U.S.C. 2601 et. seq. (Title VI – Formaldehyde Standards of Composite Wood Products) and is hazardous to human health.

4

16.     Formaldehyde gas can cause cancer, asthma, chronic respiratory irritation and other ailments including skin and breathing problems.

17.     Formaldehyde is the sort of toxic substance to which people may be exposed without knowing they are at risk.

18.     As such, the Chinese Flooring Lumber Liquidators sold Plaintiff and other customers poses great health risks.

19.     Lumber Liquidators' marketing materials for the Chinese Flooring contain false and misleading information relating to compliance with California standards and designed to increase sales of the product at issue.

20.     Lumber Liquidators deceptively manufactured, labeled, and sold the Chinese Flooring. The Chinese Flooring, having no monetary value, is worthless.

21.     Plaintiff and the Class have been damaged by Lumber Liquidators' dangerous and deceptive Chinese Flooring. Plaintiff and the Class are entitled to a return of the full purchase price paid for the Chinese Flooring and other damages to be proven at trial.

## COMMON FACTUAL ALLEGATIONS

22.     Upon information and belief, Lumber Liquidators has sold, directly or indirectly (through dealers and other retail outlets), tens of thousands of square feet of Chinese Flooring in Pennsylvania and the Class States.

23.     Lumber Liquidators sells its Chinese Flooring through third party sellers or through its directly-owned showrooms.

24.     At the time of sale, Lumber Liquidators warranted that its Chinese Flooring was fit for the ordinary purpose for which such goods were used and were free from defects in materials and workmanship.

25.     Lumber Liquidators represented and warranted that its Chinese Flooring conformed to the applicable Pennsylvania building codes and applicable CARB standards.

26.     These representations, described herein, became part of the basis of the bargain when Plaintiff and Class Members, and/or their builders purchased the Chinese Flooring, and/or assumed the warranty.

27.     In addition, these representations became part of the basis of the bargain when Plaintiff and/or Class Members purchased the product with Lumber Liquidators' express representations concerning the quality of the Chinese Flooring.

28.     Plaintiff and Class Members relied on Lumber Liquidators' warranty, published specifications and/or advertisements regarding the quality of the Chinese Flooring.

29.     However, the Chinese Flooring does not conform to these express representations and warranties, and, as alleged herein, Lumber Liquidators breached its express warranties and representations concerning this flooring.

30.     The Chinese Flooring suffers from various design deficiencies which further discovery will establish in detail, including, excessive formaldehyde levels.

31.     Because the Chinese Flooring emits excessive formaldehyde levels, they violate the Pennsylvania building code and industry standards, including the applicable Building Codes and CARB standards as well as Lumber Liquidators' express representations and warranties.

32.     The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within Lumber Liquidators' area of expertise.

33.     In addition to the express representations and warranties regarding the quality of the flooring discussed herein, Lumber Liquidators also ships a Limited Warranty with its Chinese Flooring.

34.     However, Lumber Liquidators' shipping of the Chinese Flooring with prior knowledge of the defects, or with negligent or reckless disregard of the presence of defects, constituted a breach of its express warranty, makes the limitations of the Limited Warranty unconscionable in all respects, and therefore is void *ab initio*.

35.     The Limited Warranty is not a negotiated contract and is so one-sided that no reasonable person would ever knowingly agree to its terms if properly disclosed.

36.     Moreover, during contact with the Class members, Lumber Liquidators concealed its knowledge of repeated product defects in the Chinese Flooring in the Class members' structures.

37.     As Lumber Liquidators has known of the Chinese Flooring defects and has failed to timely honor its express and implied warranties, the Limited Warranty has failed of its essential purpose, and the limitations therein are null and void. Further, the limitations contained in the Limited Warranty are not conspicuous.

38.     Despite knowing of the defects in the Chinese Flooring, Lumber Liquidators has not notified all purchasers, builders, and/or homeowners with the Chinese Flooring of the defect nor provided uniform relief.

39.     Plaintiff and Class Members have not received the value for which they or their builder bargained when the Chinese Flooring was purchased. There is a difference in value between the Chinese Flooring as warranted and the Chinese Flooring containing the defect.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4) are met with respect to the classes defined below:

**INJUNCTIVE RELIEF CLASS:**
**All persons and entities who purchased and installed wood flooring from Lumber Liquidators either directly or through an agent, that was sourced, processed, or manufactured in China.**

**DAMAGES CLASS:**
**All persons and entities who purchased and installed wood flooring from Lumber Liquidators either directly or through an agent, that was sourced, processed, or manufactured in China.**

**(ALTERNATIVE) DAMAGES CLASS:**
**All persons and entities in Pennsylvania who purchased and installed wood flooring from Lumber Liquidators either directly or through an agent, that was sourced, processed, or manufactured in China.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Lumber Liquidators, its affiliates, employees officers and directors, persons or entities that distribute or sell Lumber Liquidators flooring; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

41.    *Numerosity:* The Classes are composed of thousands of persons geographically dispersed, the joinder of whom in one action is impractical. Moreover, upon information and belief, the Classes are ascertainable and identifiable from Lumber Liquidator records or documents.

42.    *Commonality*: Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual issues include, but are not limited to the following:

    a.   Whether Lumber Liquidators' Chinese Flooring products emit excessive levels of formaldehyde;

    b.   Whether Lumber Liquidators represented and warranted that its Chinese Flooring products complied with their label descriptions;

c.  Whether Lumber Liquidators omitted and concealed material facts from its communications and disclosures to Plaintiff and the other Class members regarding the illegal sourcing of its Chinese Flooring products;

d.  Whether Lumber Liquidators breached its express or implied warranties to Plaintiff and the other Class members with respect to its Chinese Flooring products;

e.  Whether Lumber Liquidators knew or should have known that its Chinese Flooring did not conform to the label description;

f.  Whether, as a result of Lumber Liquidators' conduct, Plaintiff and the other Class members have suffered damages; and if so, the appropriate measure of damages to which they are entitled;

g.  Whether, as a result of Lumber Liquidators' conduct, Lumber Liquidators was unjustly enriched; and

h.  Whether, as a result of Lumber Liquidators' misconduct. Plaintiff and the other Class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

43.  *Typicality:* Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices of Lumber Liquidators. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

44.  *Adequate Representation:* Plaintiff will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor his attorneys have any interests contrary to or conflicting with other Class members' interests.

45.  *Predominance and Superiority:* This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available

methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class Members be required to bring separate actions, this Court and Courts throughout Pennsylvania would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

<b><u>ESTOPPEL FROM PLEADING AND TOLLDING OF<br>APPLICABLE STATUTES OF LIMITATIONS</u></b>

46.     Because the defects in the flooring are latent and not reasonably detectable, Plaintiff and the Class members were not reasonable able to discover their flooring was defective, despite their exercise of due diligence.

47.     Lumber Liquidators knew that the flooring was defective prior to the time of sale, and concealed that material information from Plaintiff and all consumers.

48.     As such, any applicable statute of limitations have been tolled by Lumber Liquidators' concealment of material facts and Lumber Liquidators is estoped from relying on any such statutes of limitations.

<b><u>COUNT I</u></b><br><b><u>NEGLIGENCE</u></b>

49.     Plaintiff on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

50.     Lumber Liquidators had a duty to Plaintiff and to members of the Class to manufacture and sell flooring that was free of excessive formaldehyde levels that would cause damage to Plaintiff's person and property.

51.     Lumber Liquidators had a duty to Plaintiff and to members of the Class to test the Chinese Flooring to ensure safe levels of formaldehyde for a reasonable period of use.

52.     Lumber Liquidators had a duty to Plaintiff and to Class members to ensure that the Chinese Flooring was suitable, either by testing or by verifying third-party test results.

53.     Lumber Liquidators had a duty to Plaintiff and to members of the Class to ensure that the Chinese Flooring complied with industry standards and all applicable building codes throughout Pennsylvania.

54.     Lumber Liquidators failed to exercise ordinary and reasonable care in the purchase and sale of the Chinese Flooring and in determining whether the Chinese Flooring that it sold, and continued to sell, contained a latent defect that would result in dangerous and potentially life threatening levels of formaldehyde emissions.

55.     Lumber Liquidators failed to exercise ordinary and reasonable care in the purchase and sale of the Chinese Flooring and breached the foregoing duties.

56.     Lumber Liquidators breached its duty to the Plaintiff and Class members to test the Chinese Flooring to ensure safe levels of formaldehyde emissions for a reasonable period of use.

57.     Lumber Liquidators breached its duty to Plaintiff and to Class members to ensure that the Chinese Flooring was suitable, either by testing or by verifying third-party test results.

58.     Lumber Liquidators breached its duty to Plaintiff and to members of the Class to ensure that the Chinese Flooring complied with industry standards and the applicable building codes.

59.     Lumber Liquidators breached its duty to Plaintiff and to members of the Class to forewarn purchasers, installers, and users regarding the known risk of formaldehyde emissions.

60.     The negligence of Lumber Liquidators, its agents, servants, and/or employees, include the foregoing, as well as the following acts and/or omissions:

     a.    processing, distributing, delivering, supplying, inspecting, marketing and/or selling Chinese Flooring without adequately and thoroughly testing them to all applicable standards and building codes;

     b.    processing, distributing, delivering, supplying, inspecting, marketing and/or selling Chinese Flooring without adequately testing long term performance;

     c.    negligently failing to ensure that the Chinese Flooring conformed to all applicable standards and building codes; and

     d.    concealing information concerning the dangerous level of formaldehyde emissions in the Chinese Flooring from Plaintiff and the Class members, while knowing that Lumber Liquidators' Chinese Flooring was defective and non-conforming with accepted industry standards and building codes.

61.     Plaintiff and the Class members have been damaged because the Chinese Flooring does not perform its ordinary purpose and emits high levels of formaldehyde gas.

62.     Plaintiff and the Class members have also been damaged as a direct and proximate result of the negligence, carelessness, recklessness, willfulness, and wantonness of Lumber Liquidators as aforesaid.

63.     As Lumber Liquidators' conduct was grossly negligent, reckless, willful, wanton, intentional, fraudulent or the like, Plaintiff and the Class members are entitled to an award of punitive damages against Lumber Liquidators.

## COUNT II
## BREACH OF EXPRESS WARRANTY

64.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

65.     Lumber Liquidators warranted that its flooring was free of defects when it sold those products to Plaintiff and the members of the Class as described in this Complaint. Defendants further represented that its flooring products complied with CARB formaldehyde standards and all applicable laws and regulations. Plaintiff and members of the Class reasonably relied upon these representations.

66.     Lumber Liquidators' warranties became part of the basis of the bargain.

67.     Lumber Liquidators breached their warranties by:

    a.  Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

    b.  Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

    c.  Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

68.     Plaintiff, on behalf of himself and the other Class members, provided Lumber Liquidators with timely notice of its breach of warranty. Lumber Liquidators was also on notice regarding the excessively high levels of formaldehyde in its flooring from the complaints and requests for refund it received from Class members, Internet message boards and from published product reviews.

69.     As a direct and proximate result of Lumber Liquidators' misconduct, Plaintiff and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale. Additionally, Plaintiff and the other Class members have

either incurred or will incur economic damages at the point of repair in the form of the cost of repair and/or the cost of purchasing non-defective flooring to replace the Lumber Liquidators' flooring.

70.     Plaintiff and the other Class members are entitled to legal and equitable relief against Lumber Liquidators, including damages, consequential damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief as appropriate.

**COUNT III**
**BREACH OF IMPLIED WARRANTIES**

71.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

72.     At all times relevant hereto, there was a duty imposed by law which requires that a manufacturer or seller's product be reasonably fit for the purposes for which such products are used and that the product be acceptable in trade for the product description.

73.     Defendants breached this duty by selling flooring to Plaintiff and the other members of the Class that was not merchantable.

74.     Defendants were notified that its product was not merchantable within a reasonable time after the defect manifested itself to Plaintiff and the members of the Class.

75.     As a result of the non-merchantability of Lumber Liquidators' flooring described herein, Plaintiff and other members of the Class sustained a loss or damages.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**
**(On behalf of Plaintiff and Pennsylvania Class Members)**

76.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

14

77.     Plaintiff and the Class members residing in Pennsylvania purchased Lumber Liquidators' Chinese Flooring primarily for personal, family, and/or household purposes.

78.     Plaintiff and the Class members residing in Pennsylvania are "person[s]" as defined by 73 Pa. Cons. Stat. §201-2(2).

79.     Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") makes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce unlawful.  73 Pa. Cons. Stat. §201-3.

80.     Lumber Liquidators' affirmative misrepresentations within its advertisements of its Chinese Flooring and its failure to notify purchasers of the defects of its Chinese Flooring and of the true nature in which it implements its warranty process took place within the Commonwealth of Pennsylvania and constitutes violations of sections 201-2(4)(v), (vii), (xiv), (ix), and (xxi) of the UTPCPL.

81.     The UTPCPL is applicable to the claims of Plaintiff and the Class members in Pennsylvania because the conduct of Lumber Liquidators, which constitutes a violation of the statute, occurred within the Commonwealth of Pennsylvania.

82.     Lumber Liquidators intended that Plaintiff and the Class members residing in Pennsylvania would rely on the false information or deceptive practices so that they would purchase Lumber Liquidators' Chinese Flooring and increase the consumption of Lumber Liquidators' products.

83.     Had Lumber Liquidators disclosed the material information regarding its Chinese Flooring to Plaintiff and the other members of the Class residing in Pennsylvania, they would not have purchased the flooring.

84.    As a result of the nature of Lumber Liquidators' deceptive conduct, Plaintiff and the Class members residing in Pennsylvania suffered pecuniary loss as set forth in greater detail above.  A finding that Lumber Liquidators' conduct violated the law will also operate as a finding that each and every member of the Class residing in Pennsylvania suffered pecuniary loss.

85.    The conduct of Lumber Liquidators described herein was knowing, willful and intentional, and constitutes the employment of fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice upon Plaintiff and the Class members residing in Pennsylvania within the meaning of the UTPCPL.

86.    By falsely representing that Lumber Liquidators' Chinese Flooring was free of defect, despite knowing that this was untrue, Lumber Liquidators acted maliciously toward Plaintiff and members of the Class residing in Pennsylvania, and also acted with intention, or, at a minimum, reckless disregard of their rights.

87.    Lumber Liquidators' conduct described in this Complaint was not isolated or unique to Plaintiff but was widespread, affecting thousands of consumers, and was a regular and intended business practice, which was instituted and implemented with a view towards unfairly profiting at the expense of Lumber Liquidators' consumers.  Lumber Liquidators had special knowledge of material facts to which Plaintiff and the Class members residing in Pennsylvania did not have access, and, therefore, had a duty to disclose these facts to the other party so as to prevent its statements from being misleading.

88.    Upon information and belief, Lumber Liquidators knew that, at the time Chinese Flooring left Lumber Liquidators' control, the Chinese Flooring contained the defect described herein resulting in dangerous levels of formaldehyde emissions. At the time of sale, the Chinese

Flooring contained the defects. The defects permit unsafe levels of formaldehyde gas emission and rendered the flooring unable to perform the ordinary purposes for which it was used as well as cause the resulting damage described herein.

89.     Based on its repeated representations that its flooring sold in Pennsylvania complied with CARB, Lumber Liquidators owed Plaintiffs and the Class members in Pennsylvania a duty to ensure that its products do indeed comply with CARB limits regarding formaldehyde.

90.     Lumber Liquidators' unfair and deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff.

91.     Lumber Liquidators either knew, or should have known, that the Chinese Flooring was defectively designed and/or manufactured and would emit unsafe levels of formaldehyde, which would result in severe damages to the Plaintiff's person and property.

92.     As a direct and proximate cause of the violation of UTPCPL, described above, Plaintiff and members of the Class have been injured in that they have purchased homes or other structures with the unsafe and dangerous Chinese Flooring based on nondisclosure of material facts alleged above. Had Plaintiff and Class Members known the defective nature of the Chinese Flooring used on their structures, they would not have purchased their structures, or would have paid a lower price for their structures.

93.     As a direct and proximate result of Lumber Liquidators' unfair and deceptive acts and practices, Plaintiff and the other members of the Class will suffer damages, which include, without limitation, costs to inspect, repair or replace their flooring and other property, in an amount to be determined at trial.

94.     Pursuant to section 201-9.2 of the UTPCPL, and as a result of Lumber Liquidators' bad faith conduct, Plaintiff and the Class members residing in Pennsylvania are entitled to monetary damages.

## COUNT V
## FRAUDULENT MISREPRESENTATION

95.     Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

96.     Lumber Liquidators falsely and fraudulently represented to Plaintiff, the Class members, and/or the consuming public in general that Lumber Liquidators' products would be free from defects and fit for their customary and normal use.

97.     Lumber Liquidators falsely represented to purchasers, consumer, and owners that the Chinese Flooring was warranted against defects in material and workmanship when in fact the Limit Warranty was so limited as to prevent and preclude any warranty protection against the known defect in the Chinese Flooring.

98.     When said representations were made by Lumber Liquidators, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

99.     These representations were made by Lumber Liquidators with the intent of defrauding and deceiving the Plaintiff, the Class members and/or the consuming public, all of which evinced reckless, willful, indifference to the safety and welfare of the Plaintiff and the Class members.

100.    At the time the aforesaid representations were made by Lumber Liquidators, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

101.    In reliance upon said representations, the Plaintiff's and Class members' properties were built using Lumber Liquidators' Chinese Flooring, which were installed and used on Plaintiff's and the Class members' properties thereby sustaining damage and injury and/or being at an increased risk of sustaining damage and injury in the future.

102.    Lumber Liquidators knew and was aware, or should have been aware, that Lumber Liquidators' Chinese Flooring was defective and not fit for their customary and normal use.

103.    Lumber Liquidators knew, or should have known, that Lumber Liquidators' Chinese Flooring had a potential to, could, and would cause severe damage and injury to property owners.

104.    Lumber Liquidators brought its Chinese Flooring to the market and acted fraudulently, wantonly, and maliciously to the detriment of the Plaintiff and the Class members.

105.    By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

106.    Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

107.    Lumber Liquidators made representations about the Chinese Flooring to Plaintiff, Class members, and their agents or predecessors, as set forth in this complaint.

108.    Those representations were false.

109.    When Lumber Liquidators made the representations, it knew they were untrue or it had a reckless disregard for whether they were true, or it should have known they were untrue.

110.    Lumber Liquidators knew that Plaintiff, Class members, and their agents or predecessors, were relying on the representations.

111.    In reliance upon the representations, Plaintiff and Class Members purchased the Chinese Flooring and installed on the Plaintiff's and Class members' homes.

112.    As a direct and proximate result of Lumber Liquidators negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this Complaint.

113.    As a direct and proximate result of the foregoing, Plaintiff and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT VII
## FRAUDULENT OMISSION/CONCEALMENT

114.    Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

115.    Lumber Liquidators knew or should have known that the Chinese Flooring was defective in design, was not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers.

116.    Lumber Liquidators fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class that the Chinese Flooring is defective.

117.   Lumber Liquidators had exclusive knowledge of the defective nature of the Chinese Flooring at the time of sale. The defect is latent and not something that Plaintiff or Class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase, because it is not feasible.

118.   Lumber Liquidators had the capacity to, and did, deceive Plaintiff and Class members into believing that they were purchasing flooring free from defects.

119.   Lumber Liquidators undertook active and ongoing steps to conceal the defect. Plaintiff is aware of nothing in Lumber Liquidators' advertising, publicity or marketing materials that disclosed the truth about the defect, despite Lumber Liquidators' awareness of the problem.

120.   The facts concealed and/or not disclosed by Lumber Liquidators to Plaintiff and the Class members are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) the flooring from their builders.

121.   Lumber Liquidators intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiff and the Class to act thereon.

122.   Plaintiff and the Class justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of the Chinese Flooring.

123.   Plaintiff and Class members suffered a loss of money in an amount to be proven at trial as a result of Defendants' fraudulent concealment and nondisclosure because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the defective flooring had been known; (b) they paid a price premium due to fact that the flooring would be free from defects; and (c) the flooring did not perform as promised. Plaintiff also would have initiated this suit earlier had the defect been disclosed to him.

124.    By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

## COUNT VIII
## UNJUST ENRICHMENT

125.    Plaintiff on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

126.    Plaintiff and Class members conferred a benefit on Defendants when they purchased the Chinese Flooring.

127.    Lumber Liquidators has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Chinese Flooring, the retention of which under these circumstances is unjust and inequitable because Lumber Liquidators' Chinese Flooring is defective in design, were not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and warranties disseminated by Lumber Liquidators nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof.

128.    Plaintiff and Class members suffered a loss of money as a result of Lumber Liquidators' unjust enrichment because: (a) they would not have purchased the Chinese Flooring on the same terms if the true facts concerning the unsafe Chinese Flooring had been known; (b) they paid a price premium due to the fact the Chinese Flooring would be free from defects; and (c) the Chinese Flooring did not perform as promised.

129.    Because Lumber Liquidators' retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Lumber Liquidators must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

130.    Plaintiff and the Class Members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendants from their deceptive, misleading, and unlawful conduct.

**COUNT IX**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

131.    Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

132.    Plaintiff and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

133.    Lumber Liquidators is a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

134.    Lumber Liquidators flooring purchased separate from the initial construction of the structure constitutes a "consumer product" within the meaning of 15 U.S.C. § 2301(1).

135.    Lumber Liquidators' express warranties and written affirmations of fact regarding the nature of the flooring, including that the flooring was free from defects and was in compliance with CARB and EU formaldehyde standards and all other applicable laws and regulations, constitute written warranties within the meaning of 15 U.S.C. § 2301(6).

136.    Lumber Liquidators breached their warranties by:

    a.    Manufacturing, selling and/or distributing flooring that exceeds the CARB formaldehyde standards;

    b.    Manufacturing, importing, selling and/or distributing flooring that fails to comply with all applicable laws and regulations; and

    c.    Refusing to honor the express warranty by refusing to properly repair or replace the defective flooring.

23

137.   Lumber Liquidators' breach of its express warranties deprived Plaintiff and the other Class members of the benefits of their bargains.

138.   As a direct and proximate result of Lumber Liquidators' breaches of its written warranties, Plaintiff and the other Class members sustained damages in an amount to be determined at trial. Lumber Liquidators' conduct damaged Plaintiff and the other Class members, who are entitled to recover damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

<u>**COUNT X**</u>
<u>**DECLARATORY RELIEF 28 U.S.C. § 2201**</u>

139.   Plaintiff, on behalf of himself and all others similarly situated, adopts and incorporates by reference all foregoing allegations as though fully set forth herein.

140.   Lumber Liquidators has acted or refused to act on grounds that apply generally to the Declaratory Relief Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that:

    a.    the Chinese Flooring has a defect which results in unsafe levels of formaldehyde emissions. The defect may not be detectable until after the warranty provided by Lumber Liquidators has expired. The Court finds that this defect if material and requires disclosure for all of this flooring;

    b.    the Chinese Flooring has a defect in workmanship and material that allows for unsafe levels of formaldehyde emissions. The defect may not be detectable until after the warranty provided by Lumber Liquidators has expired. The court declares that all persons who own structures containing Chinese Flooring are to be provided the best practicable notice of the defect, which cost shall be borne by Lumber Liquidators;

    c.    Certain provisions of Lumber Liquidators' warranty are void as unconscionable;

24

    d.    Lumber Liquidators shall re-audit and reassess all prior warranty claims, including claims previously denied in whole or in part, where the denial was based on warranty or on other grounds, and pay the full cost of repairs and damages; and

    e.    Lumber Liquidators will establish an inspection program and protocol, under Court supervision, to be communicated to class members, which will require Lumber Liquidators to inspect, upon request, a class member's structure to determine formaldehyde emissions levels are safe. Any disputes over coverage shall be adjudicated by a Special Master appointed by the Court and/or agreed to by the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated, prays for a judgment against Defendants as follows:

    a.    For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiff as representative of the Classes, and appointing the law firms representing Plaintiff as Class Counsel;

    b.    For compensatory damages sustained by Plaintiff and the Damages Class;

    c.    For equitable and/or injunctive relief for the Declaratory Relief Class;

    d.    For payment of costs of suit herein incurred;

    e.    For both pre-judgment and post-judgment interest on any amounts awarded;

    f.    For punitive damages;

    g.    For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff on behalf of himself and on behalf of the Class members hereby demands a trial by jury as to all issues so triable.

Date: March 10, 2015       By:    /s/ Arnold Levin

Arnold Levin
Charles E. Schaffer
**Levin, Fishbein, Sedran & Berman**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
ALevin@lfsblaw.com

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com

Christopher Seeger
**Seeger Weiss, LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Jordan L. Chaikin
**PARKER WAICHMAN LLP**
27300 Riverview Center Blvd., Suite 103
Bonita Springs, Florida 34134

Phone: (239) 390-1000
Fax: (239) 390-0055
jchaikin@yourlawyer.com

David P. McLafferty
**McLafferty & Associates, P.C.**
923 Fayette Street
Conshohocken, PA 19428
Phone: (610) 940-4000
Fax: (610) 940-4007
dmclafferty@mclaffertylaw.com

*Counsel for Plaintiff*